IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 9:17-CR-00005-RC |
| v. § | |
| § | |
| § | |
| § | |
| GEORGE EARL LEOTIS JERODE § | |
| SMITH § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 4, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant George Earl Leotis Jerode Smith. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. On February 24, 2014, District Judge Anthony W. Ishii of the Eastern District of California sentenced Defendant to 37 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include: (1) defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to search pursuant to this

condition; (2) defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse; (3) the defendant shall reside and participate in an inpatient correctional treatment program to obtain assistance for drug and/or alcohol abuse, for a period of up to 180 days, to include an additional up to 10 days for substance abuse detoxification services if deemed necessary; (4) participate in a program or course of study aimed at improving educational level or employment skills, for example, obtain a GED, participate in or complete a vocational training program, or participate in a literacy program; (5) the defendant shall participate in a program of outpatient mental health treatment; (6) the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol; (7) the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month; (8) the defendant shall participate in a cognitive behavioral treatment program; (9) cooperate with child support enforcement authorities and/or pay child support; (10) the defendant shall complete up to 20 hours of unpaid community service per week until employed for at least 30 hours per week or participating in a previously approved educational or vocational program; (11) the defendant shall not associate with any known "Strother Boyz" gang members, or with any known gang member; (12) defendant's residence shall be pre-approved by the probation officer; (13) defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers.  The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider; (14) defendant shall abstain from the use of alcoholic beverages and shall not frequent

those places where alcohol is the chief item of sale; (15) defendant shall not possess or have access to any paging device or cellular phone without the advance permission of the probation officer. The defendant shall provide all billing records for such devices, whether used for business or personal, to the probation officer upon request; and (16) defendant shall reside and participate in a residential re-entry center, for a period of 180 days; said placement shall commence at the direction of the probation officer, pursuant to 18 U.S.C. § 3563(b)(11). The defendant shall pay the cost of confinement as determined by the Bureau of Prisons. On August 5, 2016, Defendant completed his period of imprisonment and began service of the supervision term. On March 10, 2017, the Eastern District of Texas accepted the transfer of jurisdiction from the Eastern District of California. On September 18, 2017, Defendant's conditions of supervised release were modified to include the special condition that Defendant shall be placed on home detention for a period of 45 days, to commence as soon as possible, and a the direction of the probation officer. During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay the cost associated with his program of electronic monitoring.

Under the terms of supervised release, Defendant was to reside and participate in a residential re-entry center, for a period of 180 days; said placement shall commence at the direction of the probation officer, pursuant to 18 U.S.C. §3563(b)(11). Defendant shall pay the cost of confinement as determined by the Bureau of Prisons. In its petition, the government alleges that Defendant violated this condition of supervised release by admitting in writing that

he was being unsuccessfully discharged from the County Rehabilitation Center in Tyler, Texas for repeated rule violations on August 10, 2017.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when Defendant admitting in writing that he was being unsuccessfully discharged from the County Rehabilitation Center in Tyler, Texas for repeated rule violations on August 10, 2017, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.3(a)(2).  Upon a finding of a Grade C violation, the Court may (a) revoke probation or supervised release; or (b) extend the term of probation or supervised release and/or modify the conditions of supervision.  Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months.  U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervised release referenced above by committing the acts as alleged in the government's petition.  In exchange, the government agreed to recommend to the Court a sentence of 9 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant George Earl Leotis Jerode Smith be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow.  The Court **FURTHER RECOMMENDS** the place of confinement be Seagoville, Texas, if available, in order to facilitate family visitation.  Finally, the Court **RECOMMENDS** that Defendant receive any available drug counseling during his term of incarceration.

**So ORDERED and SIGNED this 5th day of April, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE